IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **TAMMIE C. FIKE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cv-02591-TMP |
| | ) | |
| **MARTIN O'MALLEY,** | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the court is Plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 25.) Plaintiff Tammie Fike filed this action to obtain judicial review of Defendant Commissioner's determination that she is not disabled under the Social Security Act. A Remand Order was entered in this case on January 17, 2024. (ECF No. 23.)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the Plaintiff obtained

an Order from the Court remanding the Commissioner's decision pursuant to sentence four of U.S.C. §405(g), he qualifies as a prevailing party under the EAJA. The Court concludes that there are no special circumstances that would make an award unjust. Consequently, Plaintiff is entitled to an award of attorney fees.

Plaintiff's counsel submitted an affidavit documenting 49.2 total hours of work on this case. (ECF No. 25-1 at PageID 2656-58.) Within that total, 45.6 hours of work was performed by an attorney, and 3.6 hours of work was performed by a paralegal. (Id. at PageID 2658.) Plaintiff's counsel voluntarily reduced the total time from 49.2 hours to 39.6 hours. (ECF No. 25 at PageID 2651.) According to Defendant's response, the parties conferred and agreed to an EAJA settlement fee of $8,200.00. (ECF No. 26 at PageID 2662.) The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The parties' agreed-upon settlement fee is based on an hourly rate of $207.07 for the 39.6 hours of services requested in this motion. The increase in the hourly rate is based on the rise in the cost of living since March 1996, when the EAJA statutory rate was last increased. The Court finds that these requested rates and the number of hours expended are reasonable.

It is hereby ORDERED that Plaintiff Tammie Fike is awarded attorney fees under the EAJA in the amount of $8,200.00, made payable to Plaintiff's attorney, as Plaintiff has assigned these funds to her attorney.

Remittance of the awarded attorney's fees will be contingent upon a determination by the Government that Plaintiff owes no debt(s) to the Government that is subject to offset. If such a debt(s) exist, the Government may make the entire EAJA fee payable to Plaintiff and then use the EAJA fee as an offset to the debt. See 31 C.F.R. § 285.5(e)(6)(ii); Astrue v. Ratliff, 560 U.S. 586 (2010).

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 23, 2024
Date